B104 (Form 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Robert L. Geltzer, Chapter 7 Trustee of the Estate of Estella Brizinova and Edward Shoshkin | Nick Soshkin<br>Igor Soshkin |

| ATTORNEY(S) (Firm Name, Address, Telephone No.) | ATTORNEY(S) (If Known) |
|---|---|
| Tarter Krinsky & Drogin LLP<br>1350 Broadway, 11th Floor<br>New York, NY 10018<br>Tel: 212-216-8000<br>Robert A. Wolf, Esq. (rwolf@tarterkrinsky.com)<br>Scott S. Markowitz (smarkowitz@tarterkrinsky.com) | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor     ☐ U.S. Trustee<br>☐ Creditor    ☒ Trustee     ☐ Other | ☐ Debtor     ☐ U.S. Trustee<br>☐ Creditor    ☐ Trustee     ☒ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Avoidance and recovery of fraudulent transfers, or value thereof, pursuant to 11. U.S.C. §§ 544 and 550, and applicable provisions of the New York Debtor and Creditor Law.

---

### NATURE OF SUIT
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☐ 13 – Recovery of money/property - § 548 fraudulent transfer
☒ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: $ |

**Other Relief Sought:**

Reasonable attorneys' fees pursuant to § 276-a of the New York Debtor and Creditor Law

B104 (Form 104) (08/07), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Estella Brizinova and Edward Soshkin | 12-42935 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| Eastern District of New York | | Hon. Elizabeth S. Stong |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| *Robert A. Wolf* | Robert A. Wolf, Esq. |
| DATE  3/13/14 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet.  When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party.**  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**TARTER KRINSKY & DROGIN LLP**
*Proposed Substitute Special Litigation and Real Estate Counsel*
*to Robert L. Geltzer as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq. (rwolf@tarterkrinsky.com)
Scott S. Markowitz, Esq. (smarkowitz@tarterkrinsky.com)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

In re                                                   :
                                                        :    Chapter 7
ESTELLA BRIZINOVA AND                                   :
EDWARD SOSHKIN,                                         :    Case No. 12-42935 (ESS)
                                                        :
                                   Debtors.             :
--------------------------------------------------------X
ROBERT L. GELTZER, CHAPTER 7                            :
TRUSTEE OF THE ESTATE OF                                :
ESTELLA BRIZINOVA AND                                   :
EDWARD SOSHKIN,                                         :
                                                        :
                                   Plaintiff,           :
                                                        :
                - against -                             :    Adv. Proc. No. 14-_____ (ESS)
                                                        :
NICK SOSHKIN AND                                        :
IGOR SOSHKIN,                                           :
                                                        :
                                   Defendants.          :
--------------------------------------------------------X

## TRUSTEE'S COMPLAINT TO AVOID AND RECOVER
## FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 550

Plaintiff, Robert L. Geltzer, as chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate

of Estella Brizinova and Edward Soshkin (the "Debtors"), by his proposed substitute special

litigation and real estate counsel, Tarter Krinsky & Drogin LLP, as and for his Complaint against

Nick Soshkin ("Nick") and Igor Soshkin ("Igor," and together with Nick, the "Defendants"),

alleges as follows:

## PRELIMINARY STATEMENT

1.      This adversary proceeding seeks a judgment, pursuant to Sections 105(a), 544(b), and 550(a), of Title 11 of the United States Code (the "Bankruptcy Code"), and Article 10 of the New York Debtor and Creditor Law (i) avoiding certain transfers of property, both real and personal, from the Debtors to Nick and Igor, and (ii) for recovery of the property transferred or a judgment for the value thereof.

2.      The Debtors are a husband and wife who transferred the aforesaid property, for no consideration and/or with the intent to defraud present or future creditors, to Nick and Igor, who are the Debtors' sons.

## PARTIES, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

3.      Plaintiff is the chapter 7 trustee of the Debtors' bankruptcy estate.

4.      Nick is, upon information and belief, an individual residing at 288 Timber Ridge Drive, Staten Island, New York, 10306.

5.      Igor is, upon information and belief, an individual residing at 65 Mayberry Promenade, Staten Island, New York, 10312.

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  By virtue of 28 U.S.C. § 157(a), and the Standing Order of Reference, dated August 29, 1986, of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to this Court.

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) of the United States Code.  Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding.  The Trustee consents to the

entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.      This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Sections 105, 544 and 550 the Bankruptcy Code.

9.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises under, and is in connection with, a case under 11 U.S.C § 101, *et seq.*   The statutory predicates for the relief sought herein are sections 544 and 550 of the Bankruptcy Code and Article 10 of the New York Debtor and Creditor Law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     On April 24, 2012 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

11.     Shortly thereafter, Plaintiff was appointed as the interim Chapter 7 trustee for the Debtors' estate.   Plaintiff subsequently became permanent trustee of the Debtors' bankruptcy estate pursuant to section 702(d) of the Bankruptcy Code and by operation of law, and is presently serving as such Trustee.

12.     Upon information and belief, prior to the Petition Date, the Debtors acquired the fee interest in certain real property known as 48 Riverina Drive, Palm Coast, Florida and 50 Riverina Drive, Palm Coast, Florida (the "Florida Lots").

13.     Upon information and belief, by quit claim deeds made on or about October 16, 2009, the Debtors transferred the Florida Lots to the Defendants for no consideration.   Upon

information and belief, the quit claim deeds were thereafter recorded with the Flagler County Clerk's Office.   A copy of the quit claim deeds are annexed hereto as **Exhibit A**.   Upon information and belief, the Florida Lots each had a value of at least $27,000 at the time of the transfers to Nick and Igor.

14.     Upon information and belief, in addition, within six (6) years prior to the Petition Date, the Debtors, for no consideration, gave $10,000 to Nick, which funds were used by Nick as a down payment to purchase a condominium apartment located at 288 Timber Ridge Drive, Unit 5288, Staten Island, New York 10306 (the "Condominium").   Upon information and belief, the Debtors also paid on behalf of Nick at least $3,600 of common charges for the Condominium (collectively with the aforementioned $10,000 transfer, the "Condo Payments") for no consideration.

### AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST NICK AND IGOR
**(Avoidance and Recovery of the Deed Transfers as Constructive Fraudulent Transfers Pursuant to Sections 544 and 550(a) of the Bankruptcy Code)**

15.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

16.     The delivery of the quit claim deeds by the Debtors to the Defendants (the "Deed Transfers") constituted  "transfers" as defined in section 101(54) of the Bankruptcy Code.

17.     The Deed Transfers were made within six (6) years of the Petition Date.

18.     Upon information and belief, the Deed Transfers were made at a time when the Debtors were insolvent or became insolvent as a result of the Deed Transfers.

19.     Upon information and belief, after making the Deed Transfers, the Debtors were engaged in or about to engage in a business or transaction for which any property remaining with the Debtors constituted an unreasonably small amount of capital.

20.     Upon information and belief, upon and after making the Deed Transfers, the Debtors intended to incur and did incur debts beyond the Debtors' ability to pay such debts as they matured.

21.     Nick and Igor are the Debtors' children, and as such, are insiders of the Debtors pursuant to section 101(31) of the Bankruptcy Code.

22.     Section 272 of the New York Debtor and Creditor Law defines "fair consideration" and requires that the property be conveyed in good faith.

23.     The element of "fair consideration" as defined in section 272 of the New York Debtor and Creditor Law is not met when the good faith component of section 272(a) is missing.

24.     Under New York law transfers from an insolvent parent to a child without consideration is virtually, per se, violative of the good faith requirement of the New York Debtor and Creditor Law section 272.

25.     The Deed Transfers are, per se, violative of the good faith requirement of section 272 of the New York Debtor and Creditor Law because the Debtors were insolvent when the Deed Transfers were made, and the Deed Transfers were made to Nick and Igor, the Debtors' children.

26.     Due to the fact that the Deed Transfers were not made in good faith, the Deed Transfers were made without "fair consideration" as such term is defined in section 272 of the New York Debtor and Creditor Law.

27.    The Deed Transfers are fraudulent as to creditors pursuant to section 273 of the New York Debtor and Creditor Law.

28.    The Deed Transfers are fraudulent as to creditors pursuant to section 274 of the New York Debtor and Creditor Law.

29.    The Deed Transfers are fraudulent as to creditors pursuant to section 275 of the New York Debtor and Creditor Law.

30.    Upon information and belief, there is at least one and actually more unsecured creditors of the Debtors who hold an allowed unsecured claim and who, at the time of the Deed Transfers, could have avoided the Deed Transfers under Article 10 of the New York Debtor and Creditor Law.    Upon information and belief, such unsecured creditors include FIA Card Services, Capital One Bank, and American Express.

31.    By reason of the foregoing, the Deed Transfers should be avoided as fraudulent transfers pursuant to section 544(b) of the Bankruptcy Code and Article 10 of the New York Debtor and Creditor Law.

32.    Pursuant to section 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover the Florida Lots and/or the value thereof from the Defendants for the benefit of the Debtors' bankruptcy estate because the Defendants are the initial transferees of the Deed Transfers.

33.    The Defendants are not "good faith transferees" within the meaning of section 550(e)(1) of the Bankruptcy Code and will, therefore, not be entitled to any lien on the Florida Lots.

34.    The Deed Transfers, once avoided, are to be preserved for the benefit of the Debtors' estate pursuant to section 551 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of the Deed Transfers as Actual Fraudulent Transfers Pursuant to Sections 544 and 550(a) of the Bankruptcy Code

35.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

36.     Upon information and belief, the Debtors made the Deed Transfers to Defendants with the actual intent to hinder, delay, and/or defraud their present and/or or future creditors.

37.     Nick and Igor are the initial transferees of the Deed Transfers.  Upon information and belief, Nick and Igor received the Deed Transfers with knowledge of the Debtors' actual intent to hinder, delay, and/or defraud their present and/or or future creditors.

38.     By reason thereof, the Deed Transfers constitute intentional fraudulent transfers within the meaning of section 276 of the New York Debtor and Creditor Law.

39.     Pursuant to section 550 of the Bankruptcy Code, the Trustee is entitled to recover from Defendants the Florida Lots or the value thereof.

40.     In addition, pursuant to section 276-a of the New York Debtor and Creditor Law, the Trustee is entitled to reasonable attorneys' fees incurred in connection with this adversary proceeding.

## THIRD CLAIM FOR RELIEF
### (Avoidance and Recovery of the Condo Payments as Constructive Fraudulent Transfers Pursuant to Sections 544 and 550(a) of the Bankruptcy Code)

41.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

42.     The Debtors made the Condo Payments for the benefit of Nick at a time when they were insolvent and did not receive fair consideration for such payments.

43.     The Condo Payments are, per se, violative of the good faith requirement of section 272 of the New York Debtor and Creditor Law because the Debtors were insolvent when the Condo Payments were made and they were made for the benefit of Nick, one of the Debtors' children.

44.     The Condo Payments constitute transfers as defined in section 101(54) of the Bankruptcy Code and are fraudulent as to creditors pursuant to section 273, 274 and 275 of the New York Debtor and Creditor Law.

45.     Upon information and belief, there is at least one and actually more unsecured creditors of the Debtors who hold an allowed unsecured claim and who, at the time of the Condo Payments could have avoided the Condo Payments under Article 10 of the New York Debtor and Creditor Law.  Upon information and belief, such unsecured creditors include FIA Card Services, Capital One Bank, and American Express.

46.     By reason of the foregoing, the Condo Payments should be avoided as fraudulent transfers pursuant to section 544(b) of the Bankruptcy Code and Article 10 of the New York Debtor and Creditor Law.

47.     Pursuant to section 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to recover the Condo Payments or the value thereof from Defendant Nick.

WHEREFORE, Plaintiff demands judgment against the Defendants on his claims for relief as set forth herein as follows:

A.    On the First Claim for Relief, a determination that the Deed Transfers constitute fraudulent conveyances and are subject to avoidance under section 544 of the Bankruptcy Code and the above-cited sections of the New York Debtor and Creditor Law incorporated thereby, and judgment in favor of Plaintiff and jointly and severally against the Defendants for the recovery of the Florida Lots or the value thereof, together with applicable interest thereon, for the benefit of the Debtors' estate;

B.    On the Second Claim for Relief, a determination that the Deed Transfers constitute fraudulent conveyances and are subject to avoidance under section 544 of the Bankruptcy Code and the above-cited sections of the New York Debtor and Creditor Law incorporated thereby, and judgment in favor of Plaintiff and jointly and severally against the Defendants for the recovery of the Florida Lots or the value thereof, together with applicable interest thereon, and reasonable attorneys' fees pursuant to section 276-a of the New York Debtor and Creditor Law, for the benefit of the Debtors' estate;

C.    On the Third Claim for Relief, a determination that the Condo Payments constitute fraudulent conveyances and are subject to avoidance under section 544 of the Bankruptcy Code and the above-cited sections of the New York Debtor and Creditor Law incorporated thereby, and judgment in favor of Plaintiff and against Defendant Nick for the recovery of the Condo Payments

or the value thereof, together with applicable interest thereon, for the benefit of the Debtors' estate;

D.    Awarding Plaintiff the reasonable costs and disbursements incurred in connection with this adversary proceeding; and

E.    Granting any additional relief that this Court deems just and equitable.

Dated: New York, New York
March 13, 2014

TARTER KRINSKY & DROGIN LLP
*Proposed Substitute Special Litigation and Real Estate Counsel to Robert L. Geltzer as Chapter 7 Trustee*

/s/ Robert A. Wolf
Robert A. Wolf, Esq. (rwolf@tarterkrinsky.com)
Scott S. Markowitz, Esq.
(smarkowitz@tarterkrinsky.com)
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000