**The Law Offices of Irina Lust, PLLC**
Irina Lust, Esq.
75 Maiden Lane, Suite 506
New York, NY 10038
Tel: (212) 960-3775
Fax: (888)-960-3776
Email: irina@mybankruptcylawyerusa.com
*Attorney for Defendants Nick Soshkin and Igor Soshkin*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re                                                              :
                                                                       :      Chapter 7
ESTELLA BRIZINOVA AND                           :
EDWARD SOSHKIN,                                     :      Case No. 12-42935 (ESS)
                                                                       :
                          Debtors.                           :
--------------------------------------------------------X
ROBERT L. GELTZER, CHAPTER 7        :
TRUSTEE OF THE ESTATE OF              :
ESTELLA BRIZINOVA AND                    :
EDWARD SOSHKIN,                              :
                                                                :
                          Plaintiff,                     :
                                                                :
        - against -                                        :      Adv. Proc. No. 14-01040 (ESS)
                                                                :
NICK SOSHKIN AND                              :
IGOR SOSHKIN,                                      :
                                                                :
                          Defendants.                :
--------------------------------------------------------X

## ANSWER TO COMPLAINT

Defendants, by and through their attorneys, The Law Offices of Irina Lust, PLLC, as and for their answer to the adversary complaint of Trustee Robert L. Geltzer, set forth as follows:

1. Lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs 1 of the complaint.

2. Admit allegations that the Debtors are a husband and wife and that Defendants are the Debtors' sons but deny all other allegations contained in paragraph 2 of the complaint.

1

3. Admit allegations contained in paragraphs 3, 4, 5, 10, 11, and 12 of the complaint.

4. To the extent the allegations in paragraphs 6, 7, 8 and 9 of the complaint call for legal conclusions, no response is required, and otherwise lack knowledge or information sufficient to form a belief as to the allegations contained therein.

5. Lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs 13 and 14 of the complaint.

## ANSWER TO THE FIRST CLAIM FOR RELIEF

6. Deny allegations contained in paragraph 15 of the complaint.

7. To the extent the allegations in paragraphs 16 and 17 of the complaint call for legal conclusions, no response is required, and otherwise lack knowledge or information sufficient to form a belief as to the allegations contained therein.

8. Deny allegations contained in paragraphs 18, 19 and 20 of the complaint.

9. To the extent the allegations in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of the complaint call for legal conclusions, no response is required, and otherwise lack knowledge or information sufficient to form a belief as to the allegations contained therein.

## ANSWER TO THE SECOND CLAIM FOR RELIEF

10. Deny allegations contained in paragraphs 35, 36, and 37 of the complaint.

11. To the extent the allegations in paragraphs 38, 39 and 40 of the complaint call for legal conclusions, no response is required, and otherwise lack knowledge or information sufficient to form a belief as to the allegations contained therein.

## ANSWER TO THE THIRD CLAIM FOR RELIEF

12. Deny allegations contained in paragraphs 41 and 42 of the complaint.

13. To the extent the allegations in paragraphs 43, 44, 45, 46 and 47 of the complaint call for legal conclusions, no response is required, and otherwise lack knowledge or information sufficient to form a belief as to the allegations contained therein.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are raised by the Defendants without waiver of any other defense that may be available to Defendants, and Defendants specifically reserve the right to raise any affirmative defenses available at any time during the pendency of these proceedings, including any and all defenses which may come to light through discovery or otherwise. Defendants expressly reserve the right to amend/and or supplement their answer, defenses, and all other pleadings. This answer shall NOT be deemed as a submission to the jurisdiction of the Bankruptcy Court, a waiver to Article III adjudication, or request to the Bankruptcy Court to adjudicate the claims of the answering Defendants. Defendants further demand strict proof at trial of each of the allegations in the complaint at a jury trial under an Article III tribunal. Submission of this answer to this Bankruptcy Court is purely to meet the technical requirements.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Plaintiff's complaint fails to state a valid cause of action upon which relief can be granted, lacks specifics of circumstances giving rise to the causes of actions asserted and is thus fatally defective.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. To the extent the Defendants were transferees of the alleged transfers set forth in the Complaint, these transfers were supported by value, taken in good faith and received without the Defendants' knowledge of avoidability and impropriety of transfers or Debtors' alleged insolvency and therefore, the Plaintiff is unable to recover under 11 USC § 544, 550, *et seq.*

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. To the extent the transfers set forth in the Complaint, were transfers of the property of the Debtors, the Debtors were not insolvent or rendered insolvent at the time of or as a result of the alleged transfers.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Defendants received no benefit from the alleged transfers and therefore the Plaintiff is unable to recover under 11 USC § 544, 550, *et seq.*

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. To the extent the transfers set forth in the Complaint were transfers of the property of the Debtors, the Defendants did not receive alleged transfers with the intent to hinder, delay, defraud or assist in defrauding any of the Debtors' creditors.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. The claims against the Defendants under the Complaint are barred in whole or in part, because the Plaintiff has failed to identify with specificity any creditor or creditors who held, as of the Petition date, an unsecured claim against the Debtors that is allowable under 11 U.S.C. §502, as well as a valid and enforceable claim for avoidance of any of the transfers pursuant to applicable state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. The circumstances constituting the alleged actual and constructive fraudulent transfer claims in the complaint are not stated with particularity and therefore do not state a claim upon which relief can be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. If the elements of section 544(b) are satisfied, Plaintiff is barred from recovering herein inasmuch as any amounts received by Defendants that constituted a transfer or transfers by the Debtors were in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendants, and such transfer or transfers were (a) made in the ordinary course of business or financial affairs of the Debtors and the Defendants and (b) were made according to ordinary business terms.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. The answering Defendants are not subject to the jurisdiction of this Bankruptcy Court and should be allowed to have their claims adjudicated by an Article III tribunal.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. The Complaint should be dismissed for a lack of proper and necessary party joinder.

## AS AND FOR A EVEVENT AFFIRMATIVE DEFENSE

24. The Plaintiff lacks standing to prosecute these claims.

## AS AND FOR A TWETH AFFIRMATIVE DEFENSE

25. This Court does not have subject matter jurisdiction.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

26. This Court does not have Article III permission to adjudicate issues, as they are private rights issues.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

27. This Court cannot award declaratory judgment as this is not a Court of United States pursuant to Title 28.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

28. The Debtors were not accorded the due process as instructed under 11 U.S.C. § 341 (d) as different options available to the debtors were not explained to them at this meeting of creditors. Trustee obtained control of the case by denying material information to the debtor.

**COUNTERCLAIM FOR LEGAL FEES.**

29. Defendants repeat, reiterate and reallege the answers numbered 1 through 28, as if the same were fully set forth herein at length.

30. The Plaintiff has used the law without going into details and merits of the positions adopted by the Defendants regarding their finances and dealings.

31. The Plaintiff's complaint fails to be a proper complaint under the standards of pleadings enunciated by the Supreme Court.  Looking at the statements made in the complaint, it is evident that the Plaintiff did not properly investigate and inquire into the actual facts relevant to the transactions and ignored undisputed realities of the alleged transactions.

32. The actions of Plaintiff in bringing this claim are abusing the process of this Court and this case was commenced to coerce and threaten a family to submission, thus incurring expenses.

WHEREFORE, Defendants respectfully request that the complaint be dismissed in its entirety and grant such other and further relied as this Court deems just and proper.

Dated:  New York, New York
          April 21, 2014

/s/ Irina Lust, Esq.
Irina Lust, Esq.
The Law Offices of Irina Lust, PLLC
75 Maiden Lane, Suite 506
New York, NY 10038
Phone: (212) 960-3775
Fax: (888) 960-3776