# EXHIBIT 1

TARTER KRINSKY & DROGIN LLP
*Substitute Special Litigation Counsel*
*to Plaintiff-Chapter 7 Trustee*
Robert A. Wolf, Esq.
Scott S. Markowitz, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com
smarkowitz@tarterkrinsky.com

THE LAW OFFICES OF IRINA LUST, PLLC
*Attorney for Defendants Nick Soshkin*
*and Igor Soshkin*
Irina Lust, Esq.
75 Maiden Lane, Suite 506
New York, New York 10038
(212) 960-3775
irina@mybankruptcylawyerusa.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**ESTELLA BRIZINOVA AND EDWARD SOSHKIN,**<br><br>**Debtors.** | **Chapter 7**<br><br>**Case No. 12-42935 (ESS)** |
| **ROBERT L. GELTZER, CHAPTER 7 TRUSTEE OF THE ESTATE OF ESTELLA BRIZINOVA AND EDWARD SOSHKIN,**<br><br>**Plaintiff,**<br><br>**- against -**<br><br>**NICK SOSHKIN AND IGOR SOSHKIN,**<br><br>**Defendants.** | **Adv. Proc. No. 14-01040 (ESS)** |

**STIPULATION OF SETTLEMENT BETWEEN ROBERT L. GELTZER, AS CHAPTER 7 TRUSTEE OF ESTELLA BRIZINOVA AND EDWARD SOSHKIN AND DEFENDANTS NICK SOSHKIN AND IGOR SOSHKIN**

This Stipulation of Settlement ("**Stipulation**") is entered into between Robert L. Geltzer, Esq., as Chapter 7 trustee (the "**Trustee**") of the estate of Estella Brizinova and Edward

Soshkin (the "**Debtors**"), and, as Trustee, the plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), and Nick Soshkin ("**Nick**") and Igor Soshkin ("**Igor**," together with Nick, the "**Defendants**"), defendants in the Adversary Proceeding.

WHEREAS, in the Trustee's Complaint in the Adversary Proceeding, the Trustee seeks a judgment against the Defendants for avoidance and/or recovery under various provisions of the United States Bankruptcy Code (the "**Bankruptcy Code**") and the New York Debtor and Creditor Law of alleged transfers by and/or on behalf of the Debtors to and/or on behalf of the Defendants which the Trustee alleges constitute either actual or constructive fraudulent conveyances; and

WHEREAS, Defendants, in their Answer, deny the principal allegations in the Trustee's Complaint, assert affirmative defenses to the Trustee's claims against them in the Adversary Proceeding, and assert a counterclaim against the Trustee for legal fees; and

WHEREAS, the Trustee has conducted document discovery of the Defendants in the Adversary Proceeding; and

WHEREAS, the Trustee and the Defendants (collectively, the "**Parties**"), in order to avoid the considerable expenses and the respective litigation risks each would incur were there to be further litigation with respect to the Adversary Proceeding, including a trial therein, have engaged through their respective counsel in discussions and negotiations aimed at resolving the Trustee's claims against the Defendants in the Adversary Proceeding, as well as any claims or obligations that were or could be asserted by the Defendants against the Trustee and/or the Debtors' estate; and

WHEREAS, those discussions and negotiations between the Parties have resulted in an agreement between the Parties to settle the aforesaid claims and obligations between them;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1. Subject to each of the other terms of this Stipulation, the Defendants agree to pay to the Trustee the total amount of $13,000.00 (the "**Settlement Payment**") in settlement of the Trustee' claims against the Defendants in the Adversary Proceeding. Simultaneously with the delivery of an executed copy of this Stipulation to the Trustee's undersigned counsel, the Defendants shall also deliver to the Trustee's undersigned counsel a bank check in the amount of $13,000.00, representing the entirety of the Settlement Payment to be paid by the Defendants to the Trustee. The Settlement Payment shall be made payable to the order of "Robert L. Geltzer, as Chapter 7 Trustee of Estella Brizinova and Edward Soshkin," and, subject to collection, shall be held by the Trustee in the bonded bank account being maintained by the Trustee on behalf of the Debtors' estate, subject to the further terms set forth below.

2. After the execution of this Stipulation by each of the Parties and their respective counsel, the Trustee, by his undersigned counsel, shall make a motion (the "**Motion**") to have this Stipulation and the settlement reflected herein approved by an order of the Court (the "**Approval Order**"). The Settlement Payment received and collected by the Trustee prior to the date upon which an Approval Order becomes a Final Order (as defined herein) shall not be deemed property of the Debtors' estate until such date. As used herein, a "**Final Order**" means an order that has been duly entered on the docket of the Court, and the time for any party in interest to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been

finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified.

3. In the event an Approval Order is not granted, or if granted, does not become a Final Order, then (a) this Stipulation shall be deemed null and void, (b) the Trustee, within ten (10) days after the occurrence of such event, shall return the Settlement Payment to the Defendants, and (c) the Parties shall be restored to all of their respective rights and positions in the Adversary Proceeding and otherwise that were extant immediately prior to their entry into this Stipulation.

4. Within five (5) business days following the date upon which the Approval Order becomes a Final Order, the Parties shall execute, through their respective counsel, a stipulation of dismissal, with prejudice, of the Adversary Proceeding (including both the Trustee's claims and Defendants' counterclaim asserted therein), and the Trustee, by his undersigned counsel, shall cause same to be filed with the Bankruptcy Court as soon as practicable thereafter.

5. The Parties further agree that effective as of the date upon which the Approval Order becomes a Final Order:

(a) the Trustee, the Debtors and the Debtors' estate and, solely in their capacities as such, each of their respective representatives, attorneys, agents, professionals, successors and assigns (collectively, the "**Trustee Parties**"), shall be deemed to have released and forever discharged each of the Defendants and, solely in their capacities as such, the Defendants' successors, heirs, executors, administrators, representatives, attorneys, agents, professionals and assigns (collectively, the "**Defendant Parties**"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which any Trustee Party ever had, now has or hereafter can,

shall or may have, whether known or unknown, against any Defendant Party for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation arising or in any way relating to the Debtors or the Adversary Proceeding provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Defendants' obligations and representations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations and representations shall remain in full force and effect.

(b) The Defendant Parties shall be deemed to have released and forever discharged the Trustee Parties from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims, and demands whatsoever, in law, admiralty or equity, which the Defendant Parties ever had, now has or hereafter can, shall or may have, whether known or unknown, against the Trustee Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation arising or in any way relating to the Debtors or the Adversary Proceeding (including, without limitation, any claim for, or on account of, the Defendants' payment of the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code); provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Trustee's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

6. The Defendants shall not file any proofs of claim in the Debtors' bankruptcy case in connection with the Settlement Payment pursuant to section 502(h) of the Bankruptcy Code or in any other connection, and any such claim and all other claims filed by the Defendants in the Debtors' bankruptcy case shall be deemed immediately expunged without any further order of the Bankruptcy Court.

7. Subject to the Approval Order becoming a Final Order, this Stipulation shall be binding upon the Parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the Debtors' case.

8. This Stipulation has been entered into for settlement purposes only, and is not admissible in any action or proceeding except: (a) to enforce the expressed terms and conditions hereof, including payment pursuant hereto; and/or (b) as evidence of a full settlement and compromise between the Parties with respect to the subject matter of this Stipulation. The Defendants' execution of this Stipulation shall not be deemed an admission on their part or on the part of any other person or entity of any of the allegations asserted against them in the Adversary Proceeding, nor an admission of any wrongdoing on their part.

9. This Stipulation shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws, except to the extent that provisions of the Bankruptcy Code and/or other provisions of the United States Code are applicable. The Parties agree that this Court shall retain jurisdiction to enforce this Stipulation in accordance with the terms thereof.

10. This Stipulation, together with any other documents referred to herein, constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof.

11. Other than the representations by the Defendants contained herein, no representations have been made to induce either Party to enter into this Stipulation.

12. This Stipulation supersedes all prior agreements, if any, and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the Party against whom enforcement of such amendment, supplement, modification or waiver is sought.

13. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation.

14. The Parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation; that each has power and authority to execute this Stipulation; and that this Stipulation is duly executed and delivered and, subject to the Approval Order becoming a Final Order, shall constitute a valid and binding agreement upon the Parties in accordance with its terms.

15. All representations, warranties, covenants and other provisions made by the Parties in this Stipulation shall be deemed to have been relied upon by the Parties hereto and shall survive the execution, performance and delivery of this Stipulation.

16. The Parties shall bear their own attorneys' fees and expenses in connection with the matters resolved hereby, including in connection with this Stipulation.

17. All time periods herein shall be computed in accordance with Rule 9006 of the Federal Rules of Bankruptcy Procedure.

18. This Stipulation of Settlement may be signed by the Parties and their respective counsel in counterpart originals and by electronic mail signature, by PDF and/or by facsimile signature, all of which shall be deemed to constitute collectively one original executed version of the Stipulation of Settlement.

Dated: New York, New York
September 24, 2014

TARTER KRINSKY & DROGIN LLP
*Substitute Special Litigation Counsel to Plaintiff-Chapter 7 Trustee*

By: /s/ Robert A. Wolf, Esq.
Robert A. Wolf, Esq.
Scott S. Markowitz, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com
smarkowitz@tarterkrinsky.com

THE LAW OFFICES OF IRINA LUST, PLLC
*Attorney for Defendants Nick Soshkin and Igor Soshkin*

By: ____________________
Irina Lust, Esq.
75 Maiden Lane, Suite 506
New York, New York 10038
(212) 960-3775
irina@mybankruptcylawyerusa.com

/s/ Robert L. Geltzer
Robert L. Geltzer, solely as Chapter 7 Trustee of Estella Brizinova and Edward Soshkin, and not personally

____________________
Nick Soshkin

____________________
Igor Soshkin

Dated: New York. New York
September ___, 2014

TARTER KRINSKY & DROGIN LLP
*Substitute Special Litigation Counsel to Plaintiff-Chapter 7 Trustee*

By: /s/ Robert A. Wolf, Esq.
Robert A. Wolf, Esq.
Scott S. Markowitz, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com
smarkowitz@tarterkrinsky.com

THE LAW OFFICES OF IRINA LUST, PLLC
*Attorney for Defendants Nick Soshkin and Igor Soshkin*

By: /s/ Roman Leonov, Esq.
Roman Leonov, Esq.
75 Maiden Lane, Suite 506
New York, New York 10038
(212) 960-3775
RLeonov@VaLeLawGroup.com

______________
Robert L. Geltzer, solelyas Chapter 7 Trustee of Estella Brizinova and Edward Soshkin, and not personally

______________
Nick Soshkin

______________
Igor Soshkin